**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF TEXAS**

**HOUSTON DIVISION**

United States Courts
Southern District of Texas
F I L E D

**JUN 0 9 2025**

Nathan Ochsner, Clerk of Court

Adam Schoene,

Plaintiff,

v.

Rice University,

Defendant.

Civil Action No. _____

Jury Trial Demanded

**COMPLAINT**

Plaintiff Adam Schoene brings this action against Rice University for employment discrimination, retaliation, and wrongful termination in violation of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), and related state and institutional laws and policies, as well as for breach of contract. Plaintiff alleges discrimination based on sexual orientation and disability, constructive discharge if not wrongful termination, resulting in significant professional, personal, and financial harm.

Plaintiff has exhausted all administrative remedies and satisfied conditions precedent to the bringing of this action under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act.

Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of disability and sexual orientation, and a related wrongful termination. The EEOC issued a Notice of Right to Sue

dated March 11, 2025. This action is being filed within 90 days of Plaintiff's receipt of that notice, in accordance with 42 U.S.C. § 2000e-5(f)(1).

A true and correct copy of the EEOC's Notice of Right to Sue is attached hereto as **Exhibit A**.

**Jurisdiction and Venue**

This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 12117(a), and 42 U.S.C. § 2000e-5(f)(3). Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in the Southern District of Texas, and Defendant is located within this District.

**Parties**

Plaintiff Adam Schoene was employed by Rice University as an Assistant Professor. His employment was based in Houston, Texas.

Defendant Rice University is a private institution of higher education with its principal place of business in Houston, Texas.

**Factual Allegations**

After Plaintiff disclosed in Rice University hiring process his same-sex partner's identity to Dean of Humanities Kathleen Canning, Canning denied plaintiff equal opportunity, rejecting his standard request for a partner hire and other professional benefits, such as a delayed start date and use of granted course release, despite frequently approving and in this case approving such requests for heterosexual faculty of similar or less experience. Furthermore, in addition to infringing upon Plaintiff's academic freedom and rights by mandating that it was forbidden for Plaintiff to pursue academic study in his own personal time beyond Rice during summer months while off contract in nine-month faculty contract, as well as denying standard request to apply course release while granting same request to Assistant Professor Linsey Sainte-Claire, hired at the same moment, rank, and position, Canning denied Plaintiff equal opportunity of the chance to merely even discuss a partner hire (that she first noted was a possibility) after Plaintiff disclosed it was for a same-sex partner, as written evidence illustrates. Canning's disturbing and highly unusual evasion of the standard question of a partner hire after first acknowledging receiving it and her closure of any discussion after Plaintiff effectively and respectfully fully conceded on his other standard inquiry represent a discriminatory attempt at the erasure of the existence of his partner, as a response ungrounded in discrimination would be to note that such a hire would not be possible.

These denials are inconsistent not only with institutional practices but also with the established norms of the academic field. Moreover, the unusual and seemingly unrelated issue Canning cited to deflect the question of a partner hire appears to have been used as a pretext to mask discrimination based on sexual orientation. The timing, immediately after the disclosure, further supports an inference of discriminatory intent in the hiring process.

Following this act of hiring discrimination, Rice later falsely deemed Plaintiff's position as voluntarily resigned despite Plaintiff never submitting any written resignation directly to the Provost as required under Rice Policy 201, IV 5.c.—explicitly referenced in Plaintiff's offer letter and displayed on the Rice University website. This misclassification violated both Rice institutional policy and Plaintiff's rights under both the ADA and Title VII. The relevant Rice University Policy 201, IV, 5.c. is available publicly through the following link: https://policy.rice.edu/201#process-for-reappointments-and-terminations

(Exhibit B)

(Exhibit C)

Plaintiff also provided Rice with medical documentation indicating a potential diagnosis of Parkinson's Disease, recognized as a disability under the ADA. Plaintiff was struggling with hiring discrimination that would unjustly separate him from partner while navigating this potential illness for the long term, and thus even though he never submitted a notice of resignation to the Provost as required under Rice Policy 201, IV, 5.c., if it is deemed that Plaintiff resigned, this resignation would meet EEOC requirements for constructive discharge due to discrimination by Rice Dean Canning. Rice was furthermore informed of Plaintiff's diagnosis through shared documented medical results, but refused to reinstate him, and further withheld payment for work assigned and completed during period of employment in July in violation of both the ADA and Rice's contractual obligations.

The cumulative effect of Rice's actions—including its discrimination around a same-sex partner hire, denial of equal professional opportunities routinely granted to heterosexual faculty, failure to follow its own resignation policy, and ensuing retaliatory action—created intolerable working conditions that meet the EEOC definition of constructive discharge, even if the wrongful termination had not occurred, and Plaintiff thus seeks reinstatement.

**Timeliness of Claims and Equitable Tolling**
While EEOC notes that certain claims may appear untimely under the standard EEOC filing deadlines, Plaintiff respectfully invokes the doctrine of equitable tolling due to:

1. A good-faith filing in the wrong forum;
2. A documented and serious medical condition affecting his capacity to pursue legal action;
3. EEOC processing delays; and
4. Ongoing discriminatory treatment and resulting harm inflicted by Rice University.

First, Plaintiff initially attempted to pursue these claims through other official channels in good faith, including internal grievance procedures and state-level forums. Second, during critical months of the limitations period, Plaintiff was experiencing physical and mental

symptoms related to a potential Parkinson's Disease diagnosis, impairing his ability to engage with the legal process. Third, EEOC delays in processing Plaintiff's intake and issuing a Notice of Right to Sue further contributed to procedural setbacks beyond his control.

Finally, Plaintiff continues to suffer the ongoing effects of Rice's discriminatory conduct, including personal, professional, and financial harm, reputational damage, and denial of reinstatement and fair redress. These continuing harms support equitable tolling and, in ways, the continuing violation doctrine, as the effects of Rice's conduct have not ceased.

Therefore, Plaintiff respectfully requests that the Court deem all claims timely under equitable tolling principles recognized by the Fifth Circuit and applicable federal law.


**Causes of Action**

Count I – Discrimination and Retaliation in Violation of Title VII (Sexual Orientation)

Rice University denied Plaintiff fair and equal treatment and opportunities after he disclosed his sexual orientation, including denying a same-sex partner hire, delaying start accommodations, and use of granted course release, plus other benefits routinely afforded to heterosexual peers. These actions were discriminatory and retaliatory under Title VII.

Count II – Violation of the Americans with Disabilities Act (ADA)

Rice University violated the ADA by acting in discriminatory and retaliatory manner after Plaintiff disclosed medical notice following diagnosis of potential disability (Parkinson's Disease), denying reinstatement after wrongful termination, and withholding all payment for work done. Rice's conduct constitutes willful discrimination on the basis of disability.

Count III – Breach of Contract (Rice Policy 201 and Offer Letter)

Rice breached its contractual obligations to Plaintiff by failing to follow Policy 201 IV., 5.c., misclassifying his departure as resignation despite the lack of required written notice to Provost, and failing to compensate him for work completed. Plaintiff lost hundreds of thousands of dollars, years towards tenure, benefits, and suffered significant damage.

Count IV – Potential Constructive Discharge

To the extent that Rice does not acknowledge that Plaintiff was wrongfully terminated, Plaintiff then asserts that discriminatory working conditions created by Rice rendered his continued employment intolerable and constitute constructive discharge under federal law.


**Relief Requested**

Plaintiff seeks the following relief:

- Reinstatement to his former position

- Punitive damages for willful discrimination
- Damages for mental anguish and emotional distress
- Back pay and compensatory damages
- Damages for loss of and reduced salary, benefits, and retirement accrual
- Damages for loss of professional opportunities, tenure-track clock time, career advancement
- Damages for reputational harm and jeopardizing future job prospects and academic standing
- Damages for tax salary differential and future earning differential
- Costs, including reasonable attorneys' fees if later retained
- Any other relief this Court deems just and proper

Respectfully submitted,

Adam Schoene

Pro Se Plaintiff

Email: adam.schoene@gmail.com

Phone: (978) 387-6111

Address:

913 N Cayuga Street

Ithaca, NY 14850

EXHIBIT A



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Buffalo Local Office**
300 Pearl St, Suite 450
Buffalo, NY 14202
(716) 431-5007
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
### (This Notice replaces EEOC FORMS 161, 161-A & 161-

B) Issued On: 03/11/2025

**To:** Adam Schoene
913 North Cayuga Street Apartment 2
ITHACA, NY 14850

Charge No: 460-2024-05990

EEOC Representative and email:   STEPHANIE LITTLEHALE
Investigator
stephanie.littlehale@eeoc.gov

---

### DISMISSAL OF CHARGE

The EEOC is closing this charge because your charge was not filed within the time limits under the law; in other words, you waited too long after the date of the alleged discrimination to file your charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 460-2024-05990.

On behalf of the Commission,

Maureen C. Kielt   Digitally signed by Maureen C. Kielt
Date: 2025.03.11 09:41:37 -04'00'

Maureen Kielt
Local Office Director

**Cc:**
Jeff Barnes
Rice University - Office of the General Counsel
6100 Main Street
Houston, TX 77005


Please retain this notice for your records.





**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Buffalo Local Office**

Olympic Towers
300 Pearl Street, Suite 450
Buffalo, NY 14202
Phone: (716) 431-5007
Fax: buffaxmain@eeoc.gov

Adam Schoene
913 North Cayuga Street, Apartment 2
Ithaca, New York 14850

Re: EEOC Charge Number: 460-2024-05990
Adam Schoene v. Rice University

Dear Adam Schoene:

The Equal Employment Opportunity Commission (hereinafter referred to as the "Commission"), has reviewed the above-referenced charge according to our charge prioritization procedures. These procedures, which are based on a reallocation of the Commission's staff resources, apply to all open charges in our inventory and call for us to focus our limited resources on those cases that are most likely to result in findings of violations of the laws we enforce.

In accordance with these procedures, we have evaluated your charge based upon the information provided. In your charge, you alleged that Respondent violated Title VII of the Civil Rights Act and the Americans with Disabilities Act. Specifically, you alleged that Respondent refused to reinstate you to your position between July 2023 and July 2024 because of your disability and because of your sexual orientation.

Based upon an analysis of the information submitted to us, the Commission is unable to conclude that the information establishes a violation of Federal law on the part of Respondent. It appears that your claims are untimely. The Commission has a 300-day timely limit, which means we generally investigate allegations of discrimination which have occurred within 300 days from the date a charge is filed. Evidence that the Commission received from Respondent confirmed that you were informed on August 1, 2023, that your appointment had been canceled and that you would not be reinstated. Consequently, your timely date to file passed at the latest on **May 27, 2024**. You filed your charge on August 17, 2024. Therefore, your charge is untimely filed and the Commission has no jurisdiction to investigate.

The Commission's processing of this charge has been concluded. Included with this letter is your Notice of Dismissal and Right to Sue. Following this dismissal, you may only pursue this matter by filing suit against the Respondent named in the charge within 90 days of receipt of said notice. Otherwise, your right to sue will be lost. If you have any questions, please contact your investigator, Stephanie Littlehale, at (716) 431-5014.

Sincerely,

Maureen C. Kielt
Digitally signed by Maureen C. Kielt
Date: 2025.03.11 09:40:22 -04'00'

Maureen C. Kielt
Director, Buffalo Local Office

EXHIBIT B

Exhibit B



REGINALD DESROCHES
PRESIDENT

May 12, 2023

Adam Schoene
Department of Romance Languages and Literatures
University of Buffalo, SUNY
schoene3@buffalo.edu

Dear Dr. Schoene:

On the recommendation of Dean Kathleen Canning, the Department of Modern and Classical Literatures and Cultures, and Provost Amy Dittmar and with the approval of the Rice Board of Trustees at its meeting on May 11, 2023, I am very pleased to confirm your faculty appointment at Rice University as Assistant Professor in Black French Studies in the Department of Modern and Classical Literatures and Cultures without tenure in the School of Humanities, effective July 1, 2023.

The terms and conditions of your appointment are the same as those outlined in your informal offer letter from Dean Canning, dated March 19, 2023, and those details are considered to be incorporated in this letter. If you have any questions about your appointment, please do not hesitate to contact Dean Canning.

This letter constitutes the totality of our offer of employment and is not supplemented by other representations, either verbal or written, except those uniform policies and conditions of appointment at Rice University that apply to all faculty appointments of this type.

We would appreciate your indicating acceptance of the terms of both this letter and the Rice University Policy 201 on Faculty Appointments, Promotions and Tenure by digitally signing where indicated below.

We are very pleased to have you join Rice University as a new faculty member in the School of Humanities. We look forward to welcoming you to Rice and Houston.

Sincerely,

Reginald DesRoches
President

RICE UNIVERSITY
OFFICE OF THE PRESIDENT–MS 1 · ALLEN CENTER, SUITE 440 · P.O. BOX 1892 · HOUSTON, TEXAS 77251-1892
713-348-4500 · PRESIDENT@RICE.EDU

*Offer letter for candidate Adam Schoene*
*Candidate's response "Accepted" was recorded on May 12, 2023*

*Business title Assistant Professor from job requisition Assistant Professor in Black French Studies (1556 )*
*Job offer was extended on May 12, 2023*


*Electronically signed by Adam Schoene on May 12, 2023*
*Electronically signed from 107.77.225.161*

RICE UNIVERSITY
OFFICE OF THE PRESIDENT–MS 1 · ALLEN CENTER, SUITE 440 · P.O. BOX 1892 · HOUSTON, TEXAS 77251-1892
713-348-4500 · PRESIDENT@RICE.EDU

EXHIBIT C

Exhibit C

CAYUGA MEDICAL CENTER

## Clinical Visit Summary of Today's Visit

06 13 2023  Visit with FNU SEEMANT, MD

Adam Schoene
DOB 10 18 1981  Sex M  Race
Ethnicity  Preferred Language

**Reason For Visit**
Adam presents for evaluation of hand tremors

**Vitals**
Ht 70 25" Wt 158lb Wt Diff -4 o BMI 22 6 BP 118 72

**Today's Diagnosis**
Tremor unspecified (R25 1)

**Problem List**
Abnormal involuntary movement
Arthralgia of the pelvic region and thigh

**Allergies**
No Known Drug Allergy

**Medications**
Continue
  FNU SEEMANT, MD
    No Active Medications

**Comments**
Tremor, unspecified (R25.1)
Right 5th finger tremor x 1 month.
He is a Professor
R>L. Numbness: none, no neck pain .
No family h/o Parkinson's disease.
Tremors present at rest . Also noticed in index finger.
No weight loss or gain . no change in appetite, no heat or cold intolerance.
Last blood work 1 yr ago: unsure of thyroid testing.

Your symptoms are consistent with fine tremor at rest , possible Parkinson's Vs essential tremor.

Natural course along with treatment options and alternatives discussed with patient in detail.
Plan: refer to Neurology for further evaluation.

Follow up : as needed.

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Adam Schoene

**DEFENDANTS**

Rice University

**(b)** County of Residence of First Listed Plaintiff  ~~Suffolk~~ Essex County, MA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Harris County, Texas
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Pro se Plaintiff

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | **INTELLECTUAL** | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 2000e (Title VII), 42 U.S.C. § 12101 et seq. (ADA)

Brief description of cause:
Employment discrimination and retaliation based on sexual orientation and disability, wrongful termination, and breach of contract.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
$1,000,000

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____      DOCKET NUMBER _____

DATE
June 4, 2025

SIGNATURE OF ATTORNEY OF RECORD
Pro Se Plaintiff, Adam Schoene   *Adam Schoene*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____